UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROBERT LODGE,                                     :
                                                  :
                              Petitioner,         :
                                                  :        MEMORANDUM & ORDER
              -against-                           :
                                                  :        20-cv-2971 (ENV)
WILLIAM BARR, Attorney General of the United      :
States,                                           :
                                                  :
                              Respondent.         :
------------------------------------------------------------- x

VITALIANO, D.J.

Petitioner Robert Lodge, proceeding *pro se* and presently being held in U.S. Immigration

and Customs Enforcement custody at Stewart Detention Center in Lumpkin, Georgia, brings this

action under 28 U.S.C. § 2241 seeking his immediate release from custody because he claims

that he has a higher risk for complications from COVID-19.[1]

To consider a habeas petition under § 2241, a court must have jurisdiction over the

petitioner's custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper

respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (second

alteration in original) (quoting 28 U.S.C. § 2242)); *see also Braden v. 30th Judicial Circuit

Court of Ky.*, 410 U.S. 484, 494–95 (1973).  Thus, venue for a habeas petition under § 2241 that

challenges a petitioner's physical confinement generally lies in the district of his confinement.

*Rumsfeld*, 542 U.S. at 441–42; *Pugin v. Barr*, No. 20-cv-2825 (PKC), 2020 WL 3489494, at *1

(June 26, 2020).  Because petitioner is in the custody of the Warden of Stewart Detention Center,

---

[1] Petitioner filed another similar petition in this Court.  *See Lodge v. Barr*, No. 20-cv-2970
(RPK).  The Court notes that in the instant petition, petitioner also seeks the immediate release of
14 other inmates, but his is the only name in the caption of the petition, and he is the only person
who signed it.

located in Lumpkin, Georgia, venue properly lies in the Northern District of Georgia, and

transfer of this action is appropriate. *See* 28 U.S.C. § 1404(a).

Accordingly, the Clerk of Court is directed to transfer this action to the United States

District Court for the Northern District of Georgia.  *See* 28 U.S.C. §§ 1391(b), 1404(a).  The

seven-day waiting period under Local Rule 83.1 is waived.  The Court notes that petitioner did

not pay the required filing fee or submit a motion to proceed *in forma pauperis*.  The Clerk of

Court is directed to mark this case closed.

So Ordered.

Dated:   Brooklyn, New York
         July 14, 2020

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge